Judge Buckner
delivered the opinion of the Court.
J. W. Beers, the defendant in this writ 6f error, instituted on the¡4th-day of October, 1827, an action of assumpsit, in the Madison circuit court, against Richmond J. Curie. ■ The declaration contains three counts.
• In the 1st, it is alleged, that the ' defendant was indebted to the-plaintiff, in the sum of one hundred and tvy'enty-five dollars, formoney advanced,and for bpard-ing and accommodation furnished by plaintiff, to defendants, at his, defendants, special request; and that, being- so indebted, the defendant in consideration thereof, drew an order on Messrs. Brook and Cosby, ef the city of Richmond, requesting them to pay to the plaintiff, one hundred and twenty-five dollars, out of the-proceeds of the defendant’s horses, left in their hands, and-that to.induce the plaintiff, to receive the same in payment of the sum aforesaid, the defendant promised the plaintiff, in case the order was not accepted,and paid by the drawees, he would pay the plaintiff the amount thereof; that the order was thereupon received By plaintiff, and by him presented to said Brook and Cosby, who refused to accept, or ■pay the same, of which defendant had been duly notified. Then follows an averment, that defendant, had not funds, in the hands of Brook arid Cosby, at the time the order was-drawn, or since, to discharge the demand, whereby, defendant became bound to pay, &c..
The 2d. count is substantially the same, except an omission, to allege any particular consideration, and that Brook and Cosby had no funds iu their hands.
The 3d count,- is for money advanced, and for boarding and accommodations furnished to defendant by plaintiff, at his, defendants, special instance and request.
The cause was tried upon the general issue, and a verdict obtained for $1116 SO, in damages. A motion. 4br a new trial,-made by defendant, was overruled by *171 the court, and judgment entered for plaintiff, on the Hiordict, to reverse which, this writ of error, with su-persedeas, is prosecuted. During the progress of the trial, the plaintiff read to the court, an affidavit made by one Frances F. Jackson, before a justice of the peace, dated On the 4th day of October, 1827, in which he stated on oath, that he had .then depending in the Madison circuit court, an action of assumpsit, in the name of J. W. Beers, against Richmond .J, Curie, on a written order, drawn by said Curie, on Messrs. Brook and Cosby,, in favor of said Beers, for $125, and that order was assigned by said Beers, to the affiant, and that the action was for the sole benefit of him, Jackson; that he deemed the evidence of Messrs. Brook and.Cosby, living in the city of Richmond, Virginia, material on the trial of said suit, and among other important facts, he expected to prove by them, or one. of them, that said Curie, never had any money in their hands, to pay said order. A notice signed, J. W. Beers, served on the defendant, to take the deposition of John Cosby and others- in the. cause, was read and not objected to, stating the time and place, of taking the. deposition.
A dedimus was also read, issued by David. Irvine, clerk of said court, directed to any notary public, of the city of Richmond, .authorizing him to take the deposition of John Cosby, to be read as evidence in the cause. The dedimus bears date,.the 11th day of January, 1827', and thirty-sixth year of the commonwealth. The defendant-objected to the -reading of the deposition, because the affidavit was not- such, as authorized the issuing of tire dedimus and because the dedimus was issued, .before the commencement of the suit. To prove the time, at: which the dedimus, did in fact issue, and that there was a mistake in its date, the plaintiff proved by the clerk,.that in his memorandum book, between the 10th of January, 1828, and the 14th day of said month, and year, a fee for a dedimus was.charged to the plaintiff, .in this cause. He also proved by another witness, that the plaintiff’s attorney, got a dedimus from the clerk’s office of that court, on the 11th of January, 1828, to take the deposition of said Cosby, in that case and inclosed it to,a geatleman of Richmond, Virginia. Upon this proof., *172 the court overruled the objection, and permitted the-deposition to be read.
Whether it was properly admitted, is the first question to be decided. The third section of the act of the legislature, I. Digest 426 of the laws of Kentucky, confers authority upon the clerk, to issue a dedimus, upon the making of such an affidavit, as, is there pointed out by a party, to a cause. The affidavit in this case, contains the necessary state*-ments, but is made by Jackson, who was not the nominal plaintiff. Can he therefore be considered a party, to the cause? We are of opinion, that he may, By the assignment, if genuine, and upon a valid consideration, (although the paper is not of that charac* ter, which would be embraced by the provisions of the statute, concerning assignments) Jackson became beneficially interested, in the prosecution of the suit. He was entitled to the proceeds of whatever judgment might be recovered. A court of law, on satisfactory proof, of the facts, would have so far protected him in it, that it would not have permitted Beers to have controlled the management of the suit. The assignment is endorsed oil the order, and that it is genuine, and on a valid consideration, may be fairly inferred, from the facts proved. The notice to take the deposition, was in the naipe of Beers; it was not insisted, that he objected to it, or set up any claim, to manage the suit; the lawyer of the plaintiff, inclosed the dedimus to Richmond, and he and Jackson, had the possession of the order. We are also of opinion, that the proof was sufficient to warrant the conclusion, that there .was a mistake in the date of the dedi-mus. The suit was not instituted, until the 4th day of October, 1827. It is not to be presumed, that the clerk would have issued a dedimus, in the cause, months before its institution. That consideration, in connection with the date of the memorandum, made by the clerk charging his fee, for the issuing of a ded-imus, and it not appearing, that more than one dedimus, had been issued in that cause, as well as its being dated, in the thirty-sixth year of the commonwealth, satisfactorily shew the mistake. The deposition was ■therefore, properly admitted as proof,
Upon motion for uon-suit, evidence gii. en must be taken as lrue¿ and every fact which jury could rationally have inferred, must be inferred b| court.
The 2d point', claiming the attention-of this court, grows out of the opinion given by the court below, upon a motion to instruct the jury, as in case of non-suit,'which the court, we are of opinion, properly overruled.
Upon amotion for a non-suit, the evidence given, must be taken as true, and every fact,.which the jury could rationally have inferred, must be inferred by the court. The testimony is stated in the bill of exceptions. It consisted of the deposition of Cosby, and the following order, the execution of which, was ad mitted by the defendant, on the trial.
“Richmond, 6th February, 1826.
“Messrs. Brook and Cosby, you will please pay to Mr. J. W. Beers, one hundred and twenty-five dollars, out of the proceeds of my horses, left in your hands, and oblige yours,”
“RICHMOND J. CURLE.”
On which, was the following indorsements.
“Richmond, May 19th, 1826. Received $8 49, on account of the within order.”
“J. W. BEERS.”
“I assign the within order, to Francis F. Jackson, without recourse to me.”
“J. W. BEERS-”
The deposition of Cosby, who was of the firm of Brook and Cosby, proves, that at the date of the order, and when it was presented for payment, in Richmond, on the 19th of May, 1826, they had no funds in their hands, belonging to Curie, except $8 49, which was then paid. The time at which the order was presented for payment, was therefore unimportant.
Upon the deposition, and the order, considering its phraseology, the court would not have been warranted, in sustaining the motion for a non-suit, the defendant' in the court below, having introduced no. testimony. It is not necessary, for the court, in this case, to determine, whether every order, to pay money, whatever may be the language employed, is prima facie evidence, that the party drawing it, vras indebted to the person, in favor of whom it is drawn;or whether. *174 if objected to, it could be admitted, to establish such a claim. In this case, it was read without objection, and its execution, admitted by Curie, on the trial. It was drawn, not for whatever money Brook and CoSby, might have in their hands, belonging to the drawer, but for a specified sum, to be taken out of a particular fund. Under such circumstances, it was proper to submit the case to the jury, whose province it was to determine the facts, and who might have drawn from the testimony,. whatever- rational inferences, they thought proper.
Before stai- • ule raising unsealed, to dignity of sealed instruments, promissory note could not - have been-foundation of notion. And in assumpsit, altho’ note ' had been executed, it was necessary to prove consideration.
Order for specific sum of money, to be paid out. of particular fnnd, not conclusive evidence of debt. Order, payable out of particular fund, is not bill of exchange.
In England, and in this- state, previous to-the passage of the statute,.raising unsealed, to the dignity of' sealed instruments, a promissory note, could not have been the foundatoin of’ an action. In the action of assumpsit; although a note had been executed, it was... necessary to prove the consideration. In the caseof-Story vs..Atkins, II. Strange’s Reports, 719, which was such a-case, Raymond c. j. said, that “he thought the note might be given in evidence, upon indebitatus assumpsit, for the note imports the drawers having so much money of the others, in his hands.”’
The order in this case, may not be considered, as shewing so strongly, and satisfactorily, the existence of a debt, as a promissory note would, yet it certainly conduces to that conclusion. It is prima facie evidence of a debt. The order, being made payable, out of a •particular fund, is obviously not a.bill of exchange. See Nichol’s administrator vs. Davis, 1. Bibb 492, and Mershon vs Withers, 1b. 504-5. It was not therefore, conclusive evidence of a debt. It might have been the subject of explanation; it might have been shewn to have been executed, without consideration, as-that it was handed to the person, in favor of whom it was drawn, as a friend or agent, to collect the mo,-ney, for the benefit of the drawer. But in the absence of all proof, explanatory of it, the inference • hpre urged, may be drawn.
The court therefore, did not err, in instructing the jury, as it appears from the bill of exceptions, they did, “that if they should find from the evidence, that defendant drew the order in contest, and that he had *175 not at the date of said order, or within a reasonable, convenient time thereafter, funds in the hands of Brook and Cosby, out of which the same could been paid, if presented for payment, except $8 49, they should find for the plaintiff, except as to said -sum.
Caperlon, for plaintiff; Turner, for defendant.
The judgment of the inferior court, must therefore, be affirmed, with costs and damages.